**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3637-16T2

MARION E. ADAMS, an
individual,

    Plaintiff-Appellant,

v.

JOSEPH A. MAGOTCH, an
individual; SEVDA A. MAGOTCH,
an individual; GEORGE FETT,
an individual; BOROUGH OF
SEASIDE PARK, a public entity;
NEW JERSEY NATURAL GAS, a
utility company; J.F. KIELY
CONSTRUCTION COMPANY, a
business entity and CERTAIN
UNDERWRITERS OF LLOYDS, LONDON,

    Defendants-Respondents.

_____

        Argued May 24, 2018 — Decided June 20, 2018

        Before Judges Gilson and Mitterhoff.

        On appeal from Superior Court of New Jersey,
        Law Division, Ocean County, Docket No. L-2205-
        15.

        Michael F. Lombardi argued the cause for
        appellant (Lombardi & Lombardi, PA, attorneys;
        Michael F. Lombardi, on the brief).

McDermott & McGee, LLP, attorneys for respondent New Jersey Natural Gas (Thomas A. Wester, on the brief).

Mark R. Sander argued the cause for respondents Joseph A. Magotch and Sevda A. Magotch (Sander, Carson & Lane, PC, attorneys; William J. Markwardt, on the brief).

PER CURIAM

Plaintiff Marion E. Adams appeals from a March 3, 2017 order granting summary judgment in favor of defendants New Jersey Natural Gas Company (NJNGC) and homeowners Joseph and Sevda Magotch (Magotch).[1] The trial court granted summary judgment in favor of the Magotch defendants finding that as residential homeowners, they had no duty to maintain the public sidewalk. We reverse.

Plaintiff alleges that on August 17, 2013, she tripped over an uneven sidewalk abutting defendants' property located on South Bayview Avenue, Seaside Park, New Jersey. Plaintiff maintains that she tripped and fell due to a combination of an elevation in a sidewalk slab and decorative white stones that were placed on either side of the sidewalk. Plaintiff maintains that the stones had spilled onto the sidewalk and obscured the elevation in the sidewalk that caused her to trip and fall.

---

[1] Plaintiff has settled her claims with NJNGC and therefore we will not address any issues concerning NJNGC.

The subject property is a single-family home in a residential neighborhood. It is undisputed that the subject property is a personal residence and not a commercial property. At the time of the incident, the sidewalk upon which plaintiff fell was part of the public right-of-way, as were the decorative stone areas on either side of the sidewalk. The Magotches testified that they never undertook any repairs or changes to the sidewalk itself. Sevda Magotch testified that the decorative stones in between the sidewalk and the curb were present when she and her husband purchased the residence in 2006.

Sevda further testified, however, that she and her husband Joseph Magotch had added decorative stones to the area between the sidewalk and the curb. Joseph testified at his deposition that he or someone on his behalf applied weed killer onto the decorative stones. Joseph further admitted that he had observed decorative stones on the sidewalk, and there were occasions when he would sweep the stones back into place from his driveway.

Defendants filed a motion for summary judgment claiming that as residential homeowners they had no duty to maintain the sidewalk. By order dated March 3, 2017, the trial judge agreed and granted defendants' motion for summary judgment. Following the filing of the notice of appeal, the judge issued a supplemental opinion setting forth his factual and legal conclusions in

3 A-3637-16T2

accordance with Rule 2:5-1(b). The court in its written opinion found that "[a]s the property owner is relieved of any liability because of the single family nature of the adjacent property, Luchejko v. City of Hoboken, 207 N.J. 191 (2011) relieves this court from any further comment on the liability of the homeowners."

On appeal, plaintiff contends that the trial court erred in granting summary judgment because (1) a residential property owner is liable for creating a dangerous condition on a public sidewalk, and (2) residential property owners are liable for conditions caused by their predecessors in title.

On appeals from summary judgment orders, we use a de novo standard of review and apply the same standard employed by the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Accordingly, we determine whether the moving parties have demonstrated that there are no genuine disputes as to any material facts and, if so, whether the facts, viewed in the light most favorable to the non-moving party, entitled the moving parties to judgment as a matter of law. R. 4:46-2(c); Davis, 219 N.J. at 405-06; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

It is well settled that residential homeowners are not liable for injuries on sidewalks abutting their property, whereas commercial landowners are responsible for maintaining abutting

public sidewalks and are liable to pedestrians injured as a result of their negligent failure to do so. See Luchejko, 207 N.J. at 201-02; Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981); Yahnko v. Fane, 70 N.J. 528, 532 (1976). However, a property owner has a duty not to affirmatively create a hazard to pedestrians on a public walkway. Yahnko, 70 N.J. at 532; Lodato v. Eveshaw Township, 388 N.J. Super 501, 507 (App. Div. 2006). Residential property owners can be held liable to pedestrians if they obstruct the sidewalk "in such a manner as to render it unsafe for passersby." Yahnko, 70 N.J. at 532.

In this case, guided by Luchejko, the court found that the Magotches as residential property owners did not have a duty to maintain the decorative stones. We disagree because on a summary judgment motion, the question of whether defendants had a duty to clean any decorative stones off the sidewalk was a question of fact for the jury. In Luchejko, the Supreme Court addressed whether a residential property owner's immunity for sidewalk hazards applied to residents of a condominium complex. In that regard, the Court focused on the distinction between residential and commercial properties. That distinction is not an issue in this case because the subject property is indisputably a residential property. Nothing in Luchejko, however, abrogated the longstanding principle that an abutting residential property owner

can be liable for affirmatively created artificial conditions that render the sidewalk hazardous for passersby.

Defendants' assertion that the decorative stones were present when they purchased the property does not serve to obviate their potential liability for the condition. Where a predecessor in title creates a hazardous nuisance on a public sidewalk, a successor in title to the creator of the nuisance, who continues to maintain the nuisance, may be held liable to a user of the sidewalk who suffers injury due to the hazardous nuisance. The subsequent owner is deemed to have adopted the nuisance and therefore is liable to persons injured as a result of the hazard. Murray v. Michalak, 114 N.J. Super 417, 418 (App. Div. 1970), aff'd 58 N.J. 220 (1971); Krug v. Wanner, 27 N.J. 174, 180 (1958).

In this case, plaintiff testified that the decorative stones had spilled onto the sidewalk to the extent that they obscured the elevated slab on which she tripped. Defendants admitted to adding decorative stones on each side of the sidewalk and maintaining them. Defendants were also aware that the stones spilled onto their sidewalk. A rational jury could conclude that defendants were negligent in allowing the stones to spill onto the sidewalk to the extent that the obscured the uneven sidewalk. It is for a jury to determine if defendants created a condition that made the sidewalk hazardous for people passing by. Because there are

6

genuine issues of fact concerning defendant's negligence, summary judgment should not have been granted as a matter of law.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION